[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10748
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02914-ODE


BETH ADAMS,

                                                    Plaintiff - Appellant,

                           versus

BSI MANAGEMENT SYSTEMS AMERICA, INC.,
BSI AMERICA PROFESSIONAL SERVICES, INC.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 17, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

    Beth Adams appeals the district court's order rendering summary judgment

in favor of Defendants BSI Management Systems America, Inc., and BSI America

Professional Services, Inc., (collectively, BSI) on her Fair Labor Standards Act (FLSA) claim.  After thorough review, we affirm.

## I.

BSI hired Adams in 2009 as a Supply Chain Security Program Manager. According to the job posting, Adams was "responsible for assessing, documenting and incorporating multiple country level compliance programs into a single compliance system for international supplier assessments."  Adams reported directly to Dan Purtell, the Senior Vice President of BSI's Supply Chain Solutions Group.

BSI terminated Adams in April 2011 for inadequate performance.  Adams later sued, alleging that BSI violated the FLSA by failing to pay her overtime. Following discovery, BSI moved for summary judgment.[1]  The district court rendered summary judgment in favor of BSI, concluding that Adams was "employed in a bona fide . . . administrative . . . capacity" and therefore exempt from the FLSA's overtime pay requirement.  *See* 29 U.S.C. § 213(a)(1).  This is Adams's appeal.

---

[1] Adams also moved for summary judgment.  But because her sole contention on appeal is that the district court's grant of summary judgment to BSI was in error, she has abandoned any argument that the district court should have rendered summary judgment in her favor. *See Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1280 (11th Cir. 2012) (noting that where a party does not "plainly and prominently" raise an issue on appeal, we deem the issue abandoned (internal quotation marks omitted)).

II.

We review a district court's ruling on a motion for summary judgment *de novo*, viewing all evidence in the light most favorable to the non-moving party. *Myers v. Bowman*, 713 F.3d 1319, 1326 (11th Cir. 2013).  Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact:  it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."  *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*) (internal quotation marks omitted) (omission in original).  Upon making this showing, the burden shifts to the non-moving party, who must produce "significant, probative evidence demonstrating the existence of a triable issue of fact" to avoid summary judgment.  *Id.* (internal quotation marks omitted).

The FLSA requires employers to pay covered employees at an overtime rate if they work more than 40 hours in a workweek.  29 U.S.C. § 207(a)(1).  But employees who are "employed in a bona fide . . . administrative . . . capacity" are exempt from the overtime-pay requirement.  *Id.* § 213(a)(1).  An employee employed in a bona fide administrative capacity is one:  (1) who is paid a salary of at least $455 per week; (2) "[w]hose primary duty is the performance of office or

3

non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The employer bears the burden of proving an exemption applies, and we construe FLSA exemptions narrowly. *Abel v. S. Shuttle Servs., Inc.*, 631 F.3d 1210, 1212 (11th Cir. 2011). It is undisputed that here the first requirement of the administrative-employee exemption is satisfied — the parties agree that Adams was paid a salary of $92,000, which easily satisfies the minimum salary requirement. *See* 29 C.F.R. § 541.200(a)(1). The parties dispute the other two elements.

Adams first asserts that her job did not satisfy the second prong of the administrative-employee exemption, characterizing her duties as merely "work[ing] on the 'production' end of the business to ensure that [BSI's] product . . . was built in a timely matter." But her own deposition testimony belies that argument. Adams testified that, during her first year at BSI, she spent the vast majority of her time running a project for one of BSI's clients, which entailed creating project tasks, putting together a project plan, and ensuring that the client's expectations were satisfied. She later headed another project, on which she organized and managed the creation of BSI's supply-chain-security solution for one of BSI's clients. She also conducted client meetings, marketed for BSI, served

4

as the primary contact with prospective clients, and spent significant time researching industry trends.  These duties directly related to the management or general business operations of BSI and its customers.  *See id.* §§ 541.201(b)-(c) (noting that bona fide administrative employees perform tasks such as marketing, research, ensuring legal and regulatory compliance, and acting "as advisers or consultants to their employer's clients or customers").  Adams's baseless characterization of her duties is insufficient to overcome BSI's evidence that affirmatively establishes the administrative exemption's second prong.

Additionally, Adams's own testimony shows that she exercised independent discretion and judgment on matters of significance and therefore satisfied the third prong.  *See* 29 C.F.R. § 541.200(a)(3).  "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  *Id.* § 541.202(a).  Adams testified that her main tasks were running two projects for BSI and that, in conjunction with those projects, she was responsible for "coming up with the task, activities that needed to take place, [and] tasks that needed to be performed," including "taking the lead in organizing and managing" the projects.  The very nature of these activities requires the exercise of independent discretion and judgment on matters of significance.

5

Adams argues on appeal that she reported to Purtell and "followed his directions and orders explicitly," but the evidence to which she cites does not support this assertion. She also contends that she did not exercise discretion and independent judgment because her role in directing subordinates was similar to that of other employees. But under the FLSA regulations, an administrative employee need not perform different tasks than her co-workers to exercise discretion. 29 C.F.R. § 541.202(d). BSI has therefore met its burden of demonstrating as a matter of law that the third prong of the exemption is satisfied and that Adams was "employed in a bona fide . . . administrative . . . capacity," and Adams has not submitted evidence that could rebut that showing. 29 U.S.C. § 213(a)(1).

## III.

For the foregoing reasons, the district court's grant of summary judgment in favor of BSI is

**AFFIRMED.**